IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


REYNALDO ORTEGA,

                Petitioner,

vs.                                           CIVIL NO.  99-240 BB/LFG

JOE WILLIAMS, Warden, Lea County
Correctional Facility; and ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

                Respondents.


## MAGISTRATE JUDGE'S FINDINGS
## AND RECOMMENDED DISPOSITION[1]

### Findings

    1.  This is a proceeding on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254,

filed March 5, 1999.  Respondents filed their answer and supporting documents on April 28, 1999

[Doc. 9].

    2.  Petitioner Reynaldo Ortega ("Ortega") challenges the judgment and sentence in State of

New Mexico v. Ortega, 98-1 (District Court of Lea County).  Ortega pled guilty to the offense of

trafficking a controlled substance, cocaine, a second-degree felony, contrary to N.M.S.A. 1978 § 30-

31-20.  He was sentenced by the Lea County Court to serve a term of nine years in the Penitentiary

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations,
that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and
recommendations.  A party must file any objections with the Clerk of the U.S. District Court within the ten-day
period allowed if that party wants to have appellate review of the proposed findings and recommendations.
If no objections are filed, no appellate review will be allowed.

of New Mexico, enhanced by eight years pursuant to the Habitual Offender Act, and all of that sentence was suspended except for ten years, followed by two years parole.

3. Ortega did not appeal his conviction. Rather, on November 24, 1998, Ortega filed a petition for writ of habeas corpus, alleging that the trial court never informed him of his right to trial on the allegations contained in the supplemental information, and, therefore, sentenced him in violation of New Mexico law. He further contended that the trial court failed to inform him of both the charges and of his rights under New Mexico's Habitual Offender Act; and, finally, that the trial court failed to determine if he was the same person charged in the supplemental information.

4. The District Court of Lea County dismissed Ortega's petition for writ of habeas corpus on November 24, 1998. The court specifically found that Ortega entered into a plea and disposition agreement with the State of New Mexico on January 6, 1998, wherein he agreed to plead guilty to the crime of trafficking a controlled substance, cocaine, in violation of N.M.S.A. 1978 § 30-31-20, and being a habitual offender with three prior convictions. In accord with the parties' agreement, Ortega was to receive the statutory penalty of nine years, enhanced by eight years pursuant to the Habitual Offender Act, and all of the sentence was to be suspended except ten years, followed by two years of parole. In addition, the State agreed to dismiss a second count of trafficking a controlled substance, heroin, and further agreed to dismiss another pending criminal case, CR 97-18G.

5. The court found that it had conducted a thorough interrogation of Ortega in open court before accepting the plea and utilized the guilty plea proceeding form in conducting the interrogation. Ortega signed the certification that the judge personally advised him of the matters set forth in the form, that he understood his constitutional rights, that he was giving up rights by entering into a guilty plea, and that he desired to admit the allegations of the supplemental criminal information. The court

further found that Ortega's attorney certified he had conferred with Ortega with reference to execution of the affidavit and explained its contents in detail. The court found that the proceedings on the supplemental criminal information were conducted in strict compliance with N.M.S.A. 1978 § 31-18-20, and he was sentenced to punishment as prescribed by law.

6. A petition for writ of certiorari was to be filed within thirty days following the district court's decision denying the petition for relief. In this case, the court's dismissal occurred on November 24, 1998, but Ortega did not file his petition for writ of certiorari until January 11, 1999. Because the petition for the writ was untimely, it was denied.

7. Ortega failed to exhaust his state court remedies as to the claims he asserts in his petition for writ of habeas corpus. He failed to appeal his conviction and failed to timely file a petition for writ of certiorari with the New Mexico Supreme Court pursuant to N.M.R.A. 1999 § 12-501 following the district court's denial of his petition for state habeas corpus relief.

8. Ortega's petition for certiorari received at the New Mexico Supreme Court on January 11, 1999 was untimely. Therefore, Ortega is now procedurally barred from filing a new petition. N.M.R.A. 1999 § 12-501(B).

9. The Supreme Court stated in <u>Coleman v. Thompson</u>, 501 U.S. 722, 111 S. Ct. 2546 (1991), where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

10. In this case, Ortega did not appeal his conviction and sentence which he now challenges. Moreover, when he filed his petition for habeas corpus review, he did not timely seek certiorari to the New Mexico State Supreme Court. Ortega has consequently procedurally defaulted on these claims, and, therefore, the only way that Ortega can obtain habeas review is to demonstrate either cause and prejudice or a fundamental miscarriage of justice for a federal court to review his claims.

11. Ortega fails to present any evidence demonstrating either cause and prejudice or a fundamental miscarriage of justice.

## Recommended Disposition

That Ortega's petition for writ of habeas corpus be denied with prejudice.


_____
Lorenzo F. Garcia
United States Magistrate Judge


PETITIONER:
Reynaldo Ortega, pro se

FOR RESPONDENTS:
Max Shepherd, Esq.

4